IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00812-BNB

BILLY VON HALLEY,

    Applicant,

v.

KEVIN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 05 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Applicant has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 apparently challenging the validity of his conviction and sentence in Adams County District Court case number 00CR584. The court must construe the application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Applicant will be ordered to file an amended application for a writ of habeas corpus.

The court has reviewed the application and finds that it is deficient because Applicant fails to assert any claims for relief. Pursuant to Rule 2(c)(1) of the Rules Governing Section 2254 Cases in the United States District Courts, Applicant must

"specify all [available] grounds for relief." Although Applicant lists a number of claims that he allegedly raised in state court, it is not clear whether Applicant intends to raise any or all of those claims in this action. Even if the court were to assume that Applicant intends to raise in this action all of the claims he allegedly raised in state court, the application still is deficient because Applicant fails to provide specific factual support for the claims he allegedly raised in state court. Pursuant to Rule 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Applicant must "state the facts supporting each ground."

Because the application is deficient, Applicant will be ordered to file an amended application that complies with these pleading rules if he wishes to challenge his criminal conviction and sentence in this action. Applicant must specify each claim that he is asserting in this action and he must provide specific factual support for each asserted claim. Applicant is advised that the habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. **See Mayle v. Felix**, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. **See Ruark v. Gunter**, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Applicant file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Applicant, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Applicant fails within the time allowed to file an amended application as directed, the action will be dismissed without further notice.

DATED May 5, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00812-BNB

Billy Von Halley
Prisoner No. 110924
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

   I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form** to the above-named individuals on 5/5/09

GREGORY C. LANGHAM, CLERK

By: _____
   Deputy Clerk