IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00812-BNB

BILLY VON HALLEY,
    Applicant,

v.

KEVIN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,
    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 19 2009

GREGORY C. LANGHAM
    CLERK

## ORDER OF DISMISSAL

Applicant is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Applicant initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 3, 2009, Applicant filed an amended application for a writ of habeas corpus. On August 7, 2009, he filed a second amended application for a writ of habeas corpus. Applicant is challenging the validity of his conviction and sentence in Adams County District Court case number 00CR584.

On August 10, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On September 11, 2009, Respondents filed their Pre-Answer Response. Although Applicant was given an opportunity to file a reply to the Pre-Answer Response, he has not done so.

The Court must construe the second amended application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Applicant was convicted by a jury of first degree burglary, menacing, trespass, and attempted first degree sexual assault. In addition to his sentences for burglary, menacing, and trespass, Applicant was sentenced pursuant to the Colorado Sex Offender Lifetime Supervision Act to an indeterminate term of twelve years to life in prison. The judgment of conviction and the sentence were affirmed on direct appeal. *See People v. Von Halley*, No. 01CA2275 (Colo. Ct. App. Nov. 6, 2003) (unpublished). On April 5, 2004, the Colorado Supreme Court denied Applicant's petition for writ of certiorari on direct appeal.

Applicant next filed a motion for sentence reconsideration on July 22, 2004. On August 5, 2004, the trial court denied the motion for sentence reconsideration and Applicant did not appeal from the trial court's August 5, 2004, order. Applicant then waited more than two years before filing a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure on August 8, 2006. The trial court denied the Rule 35(c) motion the next day. On March 19, 2007, Applicant filed another postconviction motion that the trial court denied on March 21, 2007, because it was identical to the previous Rule 35(c) motion denied in August 2006. The Colorado Court

of Appeals subsequently affirmed the denial of the trial court's March 21, 2007, order. *See People v. Von Halley*, No. 07CA0868 (Colo. Ct. App. Apr. 24, 2008) (unpublished). On October 6, 2008, the Colorado Supreme Court denied Applicant's petition for writ of certiorari in the postconviction proceedings.

The Court received the instant action for filing on April 2, 2009. In his second amended application filed on August 7, 2009, he asserts the following fifteen claims for relief:

1. The trial court erred in limiting cross-examination of the victim under Colorado's rape shield law.

2. He was not advised of his *Miranda* rights and he invoked his right to remain silent.

3. Counsel was ineffective.

4. The 1998 Act subjects him to greater punishment for exercising his constitutional rights to remain silent and protest his guilt.

5. The prosecution failed to disclose evidence favorable to the defense.

6. The trial court erred in failing to suppress his custodial statements and he was subjected to double jeopardy.

7. He continues to suffer from a concussion he sustained in a car accident in 1999.

8. The victim's statements to the police were coerced.

9. The victim's prior history includes a possible suicide attempt.

10. The evidence against him was circumstantial and obtained pursuant to an unlawful arrest.

11. The prosecution failed to disclose evidence favorable to the defense.

    12.    His sentence is unconstitutional because he was sentenced by the judge rather than the jury.

    13.    The sentence imposed is disproportionate to the crime committed.

    14.    A witness never identified the Defendant and was coerced.

    15.    The victim had a motive to lie.

The Court notes initially that a number of Applicant's claims lack supporting factual allegations and that some of Applicant's claims do not appear to raise any federal constitutional issues. Nevertheless, because the Court finds that the entire action is time-barred, the Court need not address these other deficiencies.

Respondents first argue in their Pre-Answer Response that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d), which provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been

discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Applicant's conviction became final. In general, a conviction becomes final following a decision by the state court of last resort on direct appeal when the United States Supreme Court denies review, or, if no petition for writ of certiorari is filed, when the time for seeking such review expires. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Pursuant to Rule 13.1 of the Rules of the Supreme Court of the United States, Applicant had ninety days to seek review in the United States Supreme Court after the Colorado Supreme Court denied his petition for writ of certiorari on direct appeal on April 5, 2004, but he did not do so. Therefore, the Court finds that Applicant's conviction became final on July 6, 2004, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired.[1]

The Court also finds that the one-year limitation period began to run on July 6, 2004, because Applicant does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on

---

[1]The ninetieth day after April 5, 2004, was Sunday, July 4, 2004, and the next day was a legal holiday. Therefore, the filing period extended until Tuesday, July 6, 2004. *See* Sup. Ct. R. 30.1.

5

collateral review, and he knew or could have discovered the factual predicate for each of the claims he is raising in this action before his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(B) - (D).

The next question the Court must answer is whether any of Applicant's state court postconviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." **Artuz v. Bennett**, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

**Habteselassie v. Novak**, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a state court postconviction motion is pending pursuant to § 2244(d)(2) is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." **Barnett v. Lemaster**, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled

during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Respondents concede, and the Court agrees, that the one-year limitation period was tolled pursuant to § 2244(d)(2) from July 22, 2004, when Applicant filed the motion for sentence reconsideration, through September 20, 2004, when the time expired for Applicant to appeal the trial court's August 5, 2004, order denying that motion.[2] *See* C.A.R. 4(b) (providing forty-five days to file a notice of appeal). However, the fifteen days between July 6, 2004, when the one-year limitation period began to run, and July 22, 2004, when the postconviction motion for sentence reconsideration was filed, count against the one-year limitation period.

Respondents contend that no other state court postconviction motions filed by Applicant tolled the one-year limitation period because no other state court postconviction motions were filed before the one-year limitation period expired. The Court agrees. As discussed above, the one-year limitation period was tolled while Applicant's postconviction motion for sentence reconsideration was pending, but began to run again on September 21, 2004. The remaining 350 days then ran uninterrupted until the one-year limitation period expired on September 6, 2005.[3] Because the one-year limitation period expired before Applicant filed his next state court postconviction motion on August 8, 2006, no other motion could have tolled the one-year limitation

---

[2] The forty-fifth day after August 5, 2004, was Sunday, September 19, 2004. Therefore, the filing deadline extended until Monday, September 20, 2004. *See* C.A.R. 26(a).

[3] The final day of the one-year limitation period actually fell on Monday, September 5, 2005, which was a legal holiday. Therefore, the filing deadline extended until Tuesday, September 6, 2005. *See* Fed. R. Civ. P. 6(a)(3).

period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). Therefore, the Court finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently and it is the inmate's burden to "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Applicant fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Applicant fails to demonstrate that equitable tolling is appropriate and the instant action will be dismissed as barred by the one-year limitation period. Because the Court will dismiss this action as time-barred, the Court need not consider Respondents' alternative arguments. Accordingly, it is

ORDERED that the habeas corpus application, the amended application, and the second amended application are denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 19 day of Nov, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00812-BNB

Billy Von Halley
Prisoner No. 110924
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

Matthew S. Holman
First Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/19/09

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk